UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN A. SIMMONS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE STATE OF NEVADA, et al.,<br><br>　　　　　Defendants. | Case No.: 2:24-cv-01011-CDS-BNW<br><br>**ORDER**<br><br>(ECF Nos. 4, 5, 6, 7, 8, 12, 14, 15, 16) |

State prisoner Steven Simmons brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while housed at Clark County Detention Center. Plaintiff filed an original complaint and a first amended complaint (ECF Nos. 1-1, 9), two applications to proceed *in forma pauperis* ("IFP") (ECF Nos. 5, 10), three motions for the appointment of counsel (ECF Nos. 11, 14, 15), a motion for leave to file an IFP application (ECF No. 4), and five motions seeking a status update, to address his pending motions, or screen his complaint (ECF Nos. 6, 7, 8, 12, 16). It appears that the Court inadvertently failed to send Plaintiff the Advisory Letter that it ordinarily sends litigants in civil actions like this, which would have addressed some of the issues raised in Plaintiff's filings. To ensure a clear record going forward, the Court provides Plaintiff the following guidance and resolves his duplicative motions.

Plaintiff is advised that the Court cannot respond in writing to individual inquiries about the status of his case due to the large number of civil actions pending before it. As long as Plaintiff keeps the Court apprised of his current address, he will receive all Court decisions that might affect the status of his case. Plaintiff is further advised that his habit of filing duplicative motions or motions seeking updates or immediate action on matters that are already pending before the Court will not increase the speed with which the Court is able to proceed in this case. The Court has a heavy docket. Filing multiple motions requesting the same relief is a litigation tactic that strains the resources of the Court and generally delays a decision in the case. The Court may impose sanctions on parties who engage in those litigation tactics. But at this juncture, the Court simply denies Plaintiff's motions seeking that relief.

The Court has received Plaintiff's original and first amended complaints, and it will screen those pleadings under 28 U.S.C. § 1915A in the ordinary course. The Court also received Plaintiff's complete IFP application twice. The Court denies Plaintiff's first IFP application because it is now duplicative and denies his motion for leave to file an IFP application as moot. The Court will address Plaintiff's second IFP application in the ordinary course. What remains are Plaintiff's several motions for the appointment of counsel. Plaintiff's original motion for that relief is more robust than his latter two motions. So, the Court denies without prejudice Plaintiff's second and third motions for the appointment of counsel. The Court will address Plaintiff's original motion for the appointment of counsel in the ordinary course.

It is therefore ordered that the motion for leave to file an application to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

It is further ordered that the first application to proceed *in forma pauperis* (ECF No. 5) is denied without prejudice as duplicative.

It is further ordered that the motions for a status update, response, or order addressing pending motions or pleadings (ECF Nos. 6, 7, 8, 12, 16) are denied.

It is further ordered that the second and third motions for the appointment of counsel (ECF Nos. 14, 15) are denied without prejudice as duplicative.

What remains are Plaintiff's original and first amended complaints (ECF Nos. 1-1, 9), original motion for the appointment of counsel (ECF No. 11), and second application to proceed *in forma pauperis* (ECF No. 10). Again, the Court will address these filings in the ordinary course. This means the Court will "screen" Plaintiff's original and/or first amended complaints to identify any "colorable" claims. The Court will do this before ordering service upon the defendants.

The Clerk's Office is directed to send plaintiff Steven Simmons the Advisory Letter for this civil action.

DATED: October 31, 2024

_____
UNITED STATES MAGISTRATE JUDGE