UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Steven Antoine Simmons,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Kenneth Kelsey, et al.,<br><br>　　　　　Defendants | Case No. 2:24-cv-01011-CDS-BNW<br><br>**Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Cross-Motion for Summary Judgment**<br><br>[ECF Nos. 33, 48] |

Plaintiff Steven Antoine Simmons brings this civil rights action pro se against several Clark County Detention Center (CCDC) officials, alleging that he was the victim of excessive force and deliberate indifference to his serious medical needs under the Fourteenth Amendment. Pending before the court is Simmon's motion for summary judgment and the defendants' motion for summary judgment. Pl.'s mot. summ. j., ECF No. 33; Defs.' mot. summ. j., ECF No. 48. The defendants' motion for summary judgment is fully briefed. Resp., ECF No. 52;[1] Reply, ECF No. 53. The defendants filed a response to Simmons's motion for summary judgment, ECF No. 35, but Simmons did not file a reply. For the reasons set forth below, the defendants' motion for summary judgment is granted, and the plaintiff's motion is denied.

I.　　Background

In his amended complaint, Simmons alleges that several CCDC correctional officers attacked him in January 2022 while he was handcuffed. First am. compl., ECF No. 9. He contends that defendants Sergeant (Sgt.) Kenneth Kelsey, Corrections Officer (CO) Mariscal, and CO Morris physically attacked him, and that CO Molina was present for and intentionally assisted in the attack. *Id.* at 3–4. He also contends that he sustained several physical injuries as a result of the attack yet was denied access to medical care to treat them. *Id.* at 4.

---

[1] This was titled response to a motion to dismiss, but as no dismissal motion was pending, I construe this filing as Simmons's opposition to the defendants' motion for summary judgment.

The screening order allowed Simmons's claims of excessive force and deliberate indifference to serious medical needs to proceed against defendants Sgt. Kelsey, CO Morris, CO Ozuna, CO Marsical, and CO Molina based on the events that occurred at CCDC on or about January 15 or 16, 2022. Screening order, ECF No. 24. Now, both sides move for summary judgment on those claims. ECF Nos. 33, 48. The defendants submit several items into evidence, including Simmons's classification records and deposition, CCDC surveillance footage at the time of the alleged attack, Las Vegas Metropolitan Police Department's (LVMPD) Use of Force Report, and Simmons's medial record progress note from January 14, 2022. ECF No. 48 at 11. Simmons does not submit any evidence, but he concedes that the medical records and surveillance footage are not in dispute. ECF No. 33 at 2.

## II.    Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

Where, as here, the parties have filed cross-motions for summary judgment, "[e]ach motion must be considered on its own merits." *Fair Hous. Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**III.    Discussion**

The parties move for summary judgment on Simmons's § 1983 claims. Section 1983 imposes civil liability on any person who deprives another of his or her constitutional rights while acting under the color of state law. *See* 42 U.S.C. § 1983. A person deprives another "of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.  The defendants' motion for summary judgment is granted.**

In their motion for summary judgment, the defendants argue that they are entitled to qualified immunity and that Simmons's constitutional rights were neither violated nor clearly established. *See generally* ECF No. 48. I agree.

"Qualified immunity 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Gordon v. County of Orange*, 6 F.4th 961, 968 (9th Cir. 2021) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)). "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). "In § 1983 actions, qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sampson v. County of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020) (citation modified). "[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably

have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (citations omitted). "The reasonableness of the officer's conduct is 'judged against the backdrop of the law at the time of the conduct.'" *Kisela*, 584 U.S. at 104 (citation modified).

Here, the functions at issue in this case—that is, how the defendants handled Simmons's cell change and subsequent injuries—are discretionary. Therefore, qualified immunity applies so long as the officers' conduct did not violate a clearly established statutory or constitutional right. *See District of Columbia v. Wesby*, 583 U.S. 48 (2018). I find that to be the case here. The records show that the alleged attack on Simmons was actually the defendants' responding to his resisting a cell transfer. Pl.'s DSD Classification Records, Defs.' Ex. A, ECF No. 41-1 (showing plaintiff's transfer due to placement on Code 405 suicide watch by CCDC psych services); CCDC Surveillance Footage, Defs.' Ex. C, ECF No. 48-4; LVMPD Use of Force Report, Defs.' Ex. E, ECF No. 48-5 (detailing the cell transfer). The records also show that medical staff was called to his new cell in response to his claim that he suffered injuries during the cell transfer. *See* Pl.'s WellPath Medical Record, Defs.' Ex. F, ECF No. 48-6 (documenting medical services given on January 14, 2022); Simmons dep., Defs.' Ex. B, ECF No. 48-2 (recalling the medical treatment he received, including x-rays). Even when reviewing this record in the light most favorable to the plaintiff, I find no evidence showing that the defendants violated Simmons's constitutional rights. Rather, the officers' conduct reflects a reasonable use of force in response to Simmons's resistance. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). And contrary to Simmons's allegations, the evidence shows that he did in fact receive medical treatment for his subsequent injuries. ECF No. 48-2 at 30–31.

**B.  The plaintiff's motion for summary judgment is denied.**

Simmons argues that he is entitled to summary judgment because "each claim is supported by camera footage from [CCDC's] 4th hallway camera and the 2C camera footage on the date of the incident." ECF No. 33 at 2. He also states that he has "medical record and pictures

4

taken by Lt. Nevins [that are] not in dispute." *Id.* But I find that Simmons has failed to show that the defendants violated his clearly established constitutional rights as a matter of law, much less when the evidence is viewed in the light most favorable to them. Contrary to his allegations, the evidence indicates that he did in fact receive medical treatment for his subsequent injuries. ECF No. 48-6; ECF No. 48-2 at 9. And the camera footage shows that the defendants' force during the cell transfer was a reasonable response to Simmons's resistance. ECF Nos. 48-3, 48-4. Therefore, when reviewing the evidence in the light most favorable to the defendants, I find that Simmons is not entitled to summary judgment, so his motion is denied.

## IV.   Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion for summary judgment [ECF No. 33] is DENIED.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment [ECF No. 48] is GRANTED.

The Clerk of Court is kindly directed to enter judgment in favor of the defendants and to close this case.

Dated: March 16, 2026

_____
Cristina D. Silva
United States District Judge